FILED 11 AUG 24 16:29USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JAMES RUSSELL ROGERS,

        Plaintiff,

v.

FRANK THOMPSON, et al.,

        Defendants.

Civil No. 09-6198-CL

REPORT AND RECOMMENDATION

CLARKE, District Judge.

Plaintiff, an inmate in the custody of the Oregon Department of Corrections filed a complaint alleging that defendants violated his Eighth Amendment rights by failing to provide him with adequate medical treatment after he fell on three separate occasions. Plaintiff also alleges that defendants negligently created a substantial risk of harm to plaintiff by failing to repair broken floor tiles causing him to fall in the shower at OSCI. Plaintiff also alleges that defendants violated his rights under the ADA by excluding him from outdoor activities by failing to provide him with someone to push his wheelchair. Plaintiff seeks money damages and injunctive relief. *See*, First

Amended Complaint (#5).

Defendants move to dismiss plaintiff's complaint on the grounds that he failed to exhaust administrative remedies with respect to his claims. Motion to Dismiss (#43).

Plaintiff alleges that he fell in the shower injuring his back while housed at SCI on February 4, 2008; fell in his cell injuring his back while housed at OSP on December 18, 2008; and fell in the shower injuring his back while housed at OSCI on May 20, 2009.

The Prison Litigation Reform Act (PLRA) 42 U.S.C. § 1997e(a), require that inmates exhaust all administrative remedies prior to filing a 42 U.S.C. § 1983 or other civil actions concerning prison conditions. Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 532 U.S. 731 (2001); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006) [failure to comply with all important procedural aspects of an institution's grievance system bars subsequent civil rights litigation].

Plaintiff had administrative remedies available to him to address the claims alleged in the complaint before the court. Beilenberg Declaration (#45). ¶¶ 5-10.

Plaintiff filed a grievance dated February 10, 2008, alleging that defendant Etter did not provide him with access to proper medical treatment after plaintiff fell in the shower on February 4, 2008. *Id.*, ¶24. Plaintiff's grievance was denied on February 28, 2008, and the denial was forwarded to plaintiff on March 11, 2008. *Id.*, ¶¶25, 27. ODOC grievance rules require that appeals of denied grievances be filed within 14 days of the date the inmate receives the denial. *Id.*, ¶9. Plaintiff filed an appeal on April 30, 2008, more than 30 days after the time within which he had to properly appeal the denial, and the appeal was returned to plaintiff as untimely. *Id.*, ¶27. On May 2, 2008, plaintiff filed a second appeal of the grievance, which was also denied as untimely. *Id.*

Plaintiff filed a grievance dated June 3, 2009 against defendant Kilmer alleging that on May 20, 2009, he slipped and fell on broken mats and broken floor tiles in the shower. Bielenberg Declaration (#45) ¶42, Attachment No. 3, p. 86. Plaintiff's grievance was denied on June 12, 2009 and plaintiff did not appeal. *Id*, ¶42.

Plaintiff filed a grievance dated June 5, 2009, alleging among other things that Dr. Becker and Dr. Puerini refused to assign an aide to push his wheelchair. *Id.*, ¶43, Attachment No. 3, p. 88. The grievance was denied on June 15, 2009, *Id.* ¶44. Plaintiff appealed the denial of this grievance on July 17, 2009, and Dr. Shelton responded on July 23, 2009. *Id.*, ¶46. Plaintiff filed a second appeal on September 8, 2009, *Id.*, ¶ 47. Grievance Coordinator Coleen Taylor sent plaintiff a memo on October 19, 2009, stating that plaintiff's second level grievance had been suspended because plaintiff had filed a civil action regarding the complaint. *Id.*

Thus, plaintiff did not file a timely appeal of his grievance concerning the February 4, 2008 incident. Plaintiff filed a grievance regarding the broken floor tiles but did not allege denial of medical care concerning the May 20, 2009, incident. However, plaintiff did not appeal the denial of his grievance concerning the floor tiles. Although plaintiff filed two appeals of the denial of his grievance on his claim that Dr. Becker and Dr. Puerini refused to assign an aide to push his wheelchair, he filed this civil action before receiving a response to the second appeal. Thus, plaintiff has failed to properly exhaust administrative remedies concerning his claims in this action.

Plaintiff's Response to Defendants' Motion to Dismiss states that he "has strenuously attempted to exhaust every remedy available" and that "literally all Administrative options were unsuccessfully exhausted." Response (#46) p. 1. However, plaintiff has failed to offer any evidence that he exhausted administrative remedies or controvert defendants' evidence that he did not.

Defendants' Motion to Dismiss (#43) plaintiff's claims on the ground that he did not exhaust administrative remedies should be allowed.. Plaintiff's First Amended Complaint (#5) should be dismissed without prejudice.[1] This action should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 24 day of August, 2011.

Mark D. Clarke
United States Magistrate Judge

---

[1] In Wyatt v. Terhune, the court held "if the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." 315 F.3d at 1120.